**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ASHLEY KAWCZYNSKI,

       Petitioner,

v.                                    CIVIL ACTION NO.   2:24-cv-00360
                                       (Criminal No. 2:22-cr-00160)

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant Ashley Kawczynski's ("Movant"), pro se filing styled as a "Motion to Run Concurrent Sentencing," which has been construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.   (ECF No. 90.)   The United States filed a response in opposition to the motion, requesting that the motion be dismissed or denied.   (ECF No. 110.)   By Standing Order entered January 4, 2016, and filed in this case on July 18, 2024, this action was referred to United States Magistrate Cheryl A. Eifert for submission of proposed findings and a recommendation ("PF&R").   (ECF No. 96.)   Following Magistrate Judge Eifert's retirement, the case was reassigned to United States Magistrate Judge Joseph K. Reeder.   (ECF No. 101.)   Magistrate Judge Reeder filed his PF&R on February 9, 2026, recommending that this Court **GRANT** the motion to dismiss, (ECF No. 110), **DISMISS** Movant's Motion, (ECF No. 90), and **REMOVE** this civil action from this Court's docket, (ECF No. 131).

1

The Court is not required to review, under de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on February 26, 2026. (ECF No. 131.) To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the **PF&R**, (ECF No. 131), **GRANTS** the motion to dismiss, (ECF No. 110), **DISMISSES** Movant's Motion, and **DIRECTS** the Clerk to **REMOVE** this civil action from this Court's docket. (ECF No. 131.)

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001). Because Petitioner has not made a substantial showing of the denial of a constitutional right in the § 2255 Motion, the Court **DENIES** a certificate of appealability. Pursuant to Rule 11(a), Petitioner may not appeal the Court's denial

of a certificate of appealability, but she may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 21, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

3